## BURDGE *v.* UNDERWOOD.

The statute making the possessory rights of settlers on public lands for agricultural or grazing purposes yield to the rights of miners, has legalized what would otherwise be a trespass, and the Act cannot be extended by implication to a class of cases not especially provided for.

A miner has no right to dig or work within the enclosure surrounding a dwelling house, corral, and other improvements of another.

Appeal from the District Court of the Eleventh Judicial District, County of Placer.

The plaintiff brought his action to abate a nuisance in digging a ditch through plaintiff's enclosure, and for damages.

The defence set up is that the ditch was made to conduct water for mining purposes, and that the land is public land, only occupied by plaintiff for agricultural and grazing purposes.

By the finding of the Court, it appears that in 1852 the plaintiff took up a tract of public land, which he has ever since used for agricultural and grazing purposes. "That within the time allowed by law, and before the commission of the acts complained of, the plaintiff had constructed a corral, dwelling and out-houses, and fences, greatly exceeding in value the sum of $200. That while plaintiff was there residing upon, cultivating, and grazing said land, the defendants, for the purpose of conveying water to certain mining claims owned by them, and distant about one mile from plaintiff's premises, constructed the ditch mentioned in plaintiff's complaint, through a part of plaintiff's enclosures, and within twenty-five or thirty feet of plaintiff's corral, at the time and afterwards used by him for corralling his cattle, and to the depth, near said corral, of about six feet. That said ditch was dug against the wishes and consent of plaintiff for the purpose aforesaid, and upon the most practicable route to convey the water to said claims from a ravine above the premises of the plaintiff. That it could have been constructed so as not to run through or interfere with the plaintiff's premises, but at a greatly increased cost." * * "That a portion of said premises, some distance from said corral, had been prospected and found to contain gold. That said ditch prevents plaintiff from using his corral without endangering his animals." The Court also finds the actual damage sustained by plaintiff and the cost of filling up the ditch, making in all $114, for which sum and for the abatement of the nuisance, the Court gave judgment. Defendants appealed.

*R. S. Mesick, B. A. Myers* and *Crocker & Robinson,* for Appellants.
Cited Stokes *v.* Barnett, 5 Cal., 36 ; McClintock *v.* Bryden, Ib., 97 ; Irwin *v.* Phillips, Ib., 140 ; Hicks *v.* Bell, 3 Cal., 219.

*Mills & Hillyer* for Respondent.
4

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT.  Mr. Justice TERRY concurred.

In Stokes v. Barnett, 5 Cal. R., McClintock v. Bryden, Ib., and Irwin v. Phillips, Ib., we decided that the prior possessory rights of settlers on the public lands for agricultural and grazing purposes, must yield to the rights of miners to extract from the land the precious metals.  This was a necessary deduction from the statute, which expressly makes the distinction.  But this statute cannot be extended by construction.  If so, it would require us to overturn other well defined and settled principles.  In Tartar v. Spring Creek Co., 5 Cal. R., we said : " The current of decisions of this Court goes to establish that the policy of this State, as derived from her legislation, is to permit settlers *in all capacities* to occupy the public lands, and by such occupation to acquire the right of undisturbed enjoyment against all the world but the true owner."  That " this policy has been extended equally to all pursuits, and no partiality for one over another, has been evinced, except in the single case where the right of the agriculturist is made to yield to that of the miner when gold is discovered in his land."

In Fitzgerald v. Urton, 5 Cal. R., it is said : " In permitting miners, however, to go upon lands occupied by others, it (the Legislature) has legalized what would have otherwise been a trespass, and the act cannot be extended by implication to a class of cases not specially provided for."

It results from a review of these decisions that there was no error in the opinion of the District Court, and the judgment is affirmed.